FILED '09 MAR 06 16:27 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUDITH BAKER,

        Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

CV 07-6332-TC

FINDINGS AND
RECOMMENDATION

COFFIN, Magistrate Judge:

### BACKGROUND

Plaintiff brings this action for judicial review of a final decision of the Commissioner of Social Security denying her claim for Supplemental Security Income. The court has jurisdiction under 42 U.S.C. § 405(g).

Plaintiff was 40 years old at the time of her hearing. She has worked as a grinder and cabinet finisher. Plaintiff alleges disability due to bipolar disorder, hypothyroid condition, history of irritable bowel syndrome, and scoliosis.

1 - FINDINGS AND RECOMMENDATION

The record reflects several manifestations of plaintiff's severe bipolar disorder such as involuntary hospitalizations for long periods of time. The record also reflects plaintiff s substance abuse. The court has carefully reviewed the extensive medical record and the parties are very familiar it. Accordingly, the details of the medical record will be set out below only as they are relevant to the particular issues before the court.

On appeal to this court, plaintiff states that the issues are: "(1)whether the Commissioner erred in evaluating the severity of Ms. Baker's mental impairments; and (2) whether the Commissioner erred as a matter of law in finding that Ms Baker's infrequent use of drugs was a material contributing factor to her disability, and whether her noncompliance with her medical regime is the underlying cause of her disability." P. 2 of Plaintiff's Memo (#16).

Plaintiff "respectfully requests that this court remand the matter to the Commissioner for further proceedings." Id. at p. 19. Plaintiff states in the Conclusion to her brief that "[t]his court should remand this case to the Commissioner with instructions to issue a new decision based on substantial evidence and proper legal standards." Id. at p. 23.

The ALJ's opinion is well written and contains a thorough presentation of the facts. However, as discussed below, there

2 - FINDINGS AND RECOMMENDATION

are problems with the ALJ's handling of the drug abuse and alcoholism analysis and the Commissioner's decision should be reversed and remanded for further proceedings.

### STANDARD OF REVIEW

The initial burden of proof rests on the claimant to establish disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v.

3 - FINDINGS AND RECOMMENDATION

Heckler, 807 F.2d 771, 772 (9th Cir. 1986). If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." Edlund v. Massanari, 253 F.3d 1152, 156 (9th Cir. 2001).

## DRUG ABUSE AND ALCOHOLISM ANALYSIS

A finding of disabled under the five- step inquiry discussed below does not automatically qualify a claimant for disability benefits. Parra v. Astrue, 481 F.3d 742, 746-747 (9th Cir. 2007)(citations omitted), cert. denied 128 S.Ct. 1068 (2008). In 1996, Congress adopted an amendment to the Contract with America Advancement Act stating that a claimant cannot receive disability benefits if alcoholism or drug addiction would be a contributing factor material to the Commissioner's determination that the individual is disabled. Id. The purpose was to discourage alcohol and drug abuse, or at least not encourage it with a permanent government subsidy. Id. Under the implementing regulations, the ALJ must conduct a drug abuse and alcoholism analysis (DAA Analysis) by determining which of plaintiff's disabling limitations would remain if the plaintiff stopped using drugs or alcohol. Id. If the remaining limitations would still be disabling, then the plaintiff's drug addiction or alcoholism is not a contributing factor to her disability. If the remaining

limitations would not be disabling, then the plaintiff's substance abuse is material and benefits must be denied. Id. The ALJ performs the sequential evaluation process twice the second time the ALJ separates out the impact of plaintiff's drug abuse or alcoholism to determine if claimant would still be found disabled if she stopped using drugs or alcohol. Id. ; 20 C.F.R. §416.935(b).

The materiality determination involves a process separating out the effects of the substance use and its impact on any other impairments, physical or mental. Bustamente v. Massanari, 262 F.3d 949, 955 (9th Cir. 2001). The ALJ reviews the medical evidence and , if necessary, consults with a medical expert, in determining what limitations, if any, would remain if plaintiff stopped using drugs or alcohol. 20 C.F.R. §416.927(f)(2)(iii). See also Emergency Teletype (August 30, 1996) at Question 25.[1] Answer to Question 29 in the Emergency Teletype observes that disability determinations are difficult when individuals have both drug use and mental impairments, that there is "no research data on the subject", that the "most useful evidence" concerns a "period of abstinence" and that when it is not possible to

---

[1] The Office of Disability issued the Emergency Teletype to assist Social Security Offices with the implementation of the DAA Analysis . The Emergency Teletype is not published in the Federal Register or the Code of Federal Regulations and , thus, does not carry the force of law. See, e.g., Lowry v. Barnhart, 329 F.3d 1019 (9th Cir. 2003). Nevertheless, the Commissioner expects ALJ's to abide by the Emergency Teletype because it reflects the policy of the Commissioner and interprets Agency regulations.

5 - FINDINGS AND RECOMMENDATION

separate the mental restrictions imposed by the DAA and the various other mental disorders shown by the evidence, a finding of not material would be appropriate."

Answer to Question 32 in the Emergency Teletype reads :" The evidence about the individual's other impairments may allow the MC/PC [medical consultant/psychological consultant] to project what limitations would remain if drug/alcohol use stopped, even in the absence of a period of abstinence. "

## THE ALJ'S DISABILITY ANALYSIS IN THIS CASE

The Commissioner has established a five-step sequential process for determining whether a person is disabled. As can be seen below, the ALJ's DAA Analysis in this process includes not just plaintiff's substance abuse, but her noncompliance with medical treatment.

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset of disability; see 20 C.F.R. § 405.1520(b).

At step two, the ALJ found that plaintiff had the following severe impairments: bipolar disorder, polysubstance abuse(methamphetamines, marijuana, alcohol), hypothyroid, history of irritable bowel syndrome, and scoliosis; see 20 C.F.R. § 404.1520(c).

At step three, the ALJ determined that plaintiff's impairments, including the polysubstance use, did meet or equal

6 - FINDINGS AND RECOMMENDATION

the requirements of a listed impairment ; see 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d).

The ALJ determined that plaintiff's use of drugs and alcohol "affect her ability to function and her limitations vary depending on her polysubstance abuse **and noncompliance with her medical treatment**." TR. 25 (emphasis added). The ALJ determined that if plaintiff "stopped polysubstance use and **complied with her medical treatment**," she would not have an impairment or combination of impairments that would meet or equal the requirements of a listed impairment. Id.

The ALJ determined that if plaintiff "stopped polysubstance abuse **and complied with medical treatment**" she would have a residual functional capacity (RFC) that would enable her, at steps four and five in the evaluation process, to perform her past relevant work as a grinder and cabinet maker and other work in the national economy such as touch up screener, printed circuit board assembly, semi-conductor assembler and assembler of small products. Id., see 20 C.F.R. §§ 404.1520(e), 404.1545, 404.1567; see 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); see 20 C.F.R. §404.1520(g), 416.920(g).

## DISCUSSION

The record indicates that plaintiff was often not compliant with her prescribed medical treatment and that when she did

7 - FINDINGS AND RECOMMENDATION

comply with such treatment her symptoms improved to a degree. The record reflects that plaintiff's compliance with medical treatment improved when she was hospitalized. The record indicates that plaintiff's substance abuse was forced into remission when she was hospitalized. However, the record is also full of references to plaintiff's denial of her mental illness and her resistance to and stoppage of medication for the illness based on her denial of its existence. TR 27,28, 29, 30, 31, 32. Her hospitalizations were involuntary commitments because of this. The record also contains medical opinions downplaying the role of substance abuse in plaintiff's illness. TR. 31. Moreover, the ALJ noted that Ms. Gerber, a qualified mental health professional, opined that noncompliance with medication was part of the claimant's mental impairment. TR. 31.[2]

The ALJ does not explicitly say that plaintiff's medical noncompliance was an effect of her substance abuse and any implication that such is the case is not supported by substantial evidence in the current record. [3]

---

[2] Although the ALJ attempted to discount the opinion of Ms. Gerber, TR. 31-32, that analysis went to Gerber's opinion on plaintiff's inability to work and the reasons given for discounting the opinion on plaintiff's ability to work are not specific , legitimate and based on substantial evidence if they are applied to Gerber's opinion that nomcompliance with medication was part of claimant's mental impairment.

[3] The ALJ did say "[t]he overall record indicates that when she was forced into remission from her polysubstance abuse, the claimant's willingness to cooperate with her medical treatment increased ...." Tr. 32

8 - FINDINGS AND RECOMMENDATION

To include medical treatment noncompliance in the DAA Analysis on this record is not appropriate as it is not a proper application of legal standards and it would be based on findings that are not supported by substantial evidence in the record.

Upon remand, the ALJ shall consult with Ms. Gerber and Dr. Mitchell and any other MC/PC he feels is appropriate to clarify whether plaintiff's noncompliance with medical treatment is a function of her mental illness or a function of her substance abuse and to opine what limitations would remain if plaintiff stopped using drugs and alcohol. In light of this information, the ALJ shall then reevaluate all medical evidence and perform a new DAA Analysis and a new five step disability evaluation.

All of the parties other arguments have been considered and found unpersuasive.

## CONCLUSION

Based on the foregoing, the Commissioner's decision should be reversed and remanded for further proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. §405 g).

DATED this 6 day of March, 2009.

Thomas Coffin
United States Magistrate Judge